IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SANGERNETTA MASON, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 10-0069-CG-M |
| ASPLUNDH, et al., | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a Complaint and a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 3). Plaintiff's Motion to Proceed Without Prepayment of Fees has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees, to a Magistrate Judge. The consideration of this Motion requires the Magistrate Judge to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1] After screening the Complaint, it is

---

[1]Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

recommended that Plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction.[2]

I. Complaint. (Doc. 1).

Plaintiff indicates in her Complaint that she is a citizen of Alabama and her permanent residence is in Selma, Alabama, although she provides a Georgetown, Guyana, address for her mailing address. (Doc. 1 at 4, 6). She further indicates on the civil cover sheet that the basis for the Court's subject matter jurisdiction is diversity of citizenship jurisdiction. (Id. at

---

(A) the allegation of poverty is untrue; or
(B) the action or appeal –
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]The federal courts' electronic records, PACER, reflect that Plaintiff previously has filed other actions, namely, Mason v. United States of America, CA 08-0185-HSO-JMR (S.D. Miss. Aug. 5, 2008) (summary judgment was granted for Defendant on Plaintiff's FTCA claim for her father's death at the VA), appeal filed (Oct. 5, 2009 and appellate fee paid), and Mason v. Fitts, et al., CA 08-0280-CG-B (S.D. Ala. Apr. 7, 2009) (a settlement was reached for the seizure of Plaintiff's wheelless car on blocks from private property). In addition to filing the present action, Plaintiff has pending on this Court's docket, Mason v. United States of America, et al., CA 09-0736-WS-M (S.D. Ala.) (claim against VA for prescribing Zyrprexa which caused Plaintiff's pancreatitis).
   On another note, Plaintiff has been named as a Defendant in two actions brought by her sibling, Melvin Mason v. Cassady, et al., CA 07-0601-KS (S.D. Ala. Aug. 20, 2008), and Melvin Mason v. Cassady, et al., CA 09-0156-LG-JMR (S.D. Miss.) (pending).

6).

The Defendants identified by Plaintiff are Asplundh and the City of Selma. (Id. at 1). Plaintiff reports that both Defendants are incorporated in Alabama.

Plaintiff alleges that her home in Selma, Alabama, was damaged when Defendant Asplundh was negligent in cutting a tree on Defendant City of Selma's property causing the tree or its branches to hit her home, which is located next to city property. (Id. at 1).[3] Defendant Asplundh is alleged to have been hired by Defendant City of Selma to cut the tree.

When Plaintiff returned home on February 7, 2008, she saw "a stump of the tree still protruding over [her] property." (Id. at 1). No work was performed on the tree for the five to six days while she was home. However, when she returned in April, further cutting had been done. Then, in June after several rains, the ceiling fell. She put a tarpaulin on her roof for protection from the continuing rains, but the wind blew it off causing her to replace it. In August mold began to grow in her home, and rodents were using the tree stump to get into her home. She moved from her home which has caused her to pay rent as well as her mortgage for over a year.

---

[3]Later in the Complaint, Plaintiff alleges that either "Defendant Asplundh or Defendant City of Selma or both willfully and recklessly caused a tree which they were cutting to fall on Plaintiff['s] home." (Doc. 1 at 4).

Plaintiff seeks damages in the amount for $250,000 from both Defendants for damage to her home and personal property, for Defendant Asplundh's refusal to repair her home, for her displacement, and for mental and physical pain. (Id. at 3).

**II. Analysis.**

In screening Plaintiff's Complaint, it is apparent that the Court lacks diversity of citizenship jurisdiction over her Complaint. The Court arrived at this conclusion after reviewing her pro se complaint with leniency because it was not drafted by an attorney. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). However, "this leniency does not give a court license to serve as de facto counsel for [plaintiff] or to rewrite an otherwise deficient pleading in order to sustain an action." Id. (citations omitted).

The Court's first consideration is to inquire into whether it has jurisdiction. United States v. Denedo, ___ U.S. ___, ____, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009). Plaintiff asserts that diversity of citizenship jurisdiction is the basis for the Court's jurisdiction over her action. Congress granted courts this jurisdiction when it enacted 28 U.S.C. § 1332, which authorizes the federal district court to have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

28 U.S.C. § 1332(a)(1)(2005).

Plaintiff indicates that both Defendants are citizens of Alabama and that she is a citizen of Alabama. (Doc. 1 at 1). Diversity of citizenship jurisdiction, however, is destroyed by the mere presence of one non-diverse defendant. <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052-53 (1998). Inasmuch as all of the parties are identified as being citizens of Alabama, the Court finds that it does not have diversity of citizenship jurisdiction over Plaintiff's action due to the failure to establish that both Defendants are citizens of a state other than Alabama. "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

## III. **Conclusion**.

Accordingly, based upon the foregoing reason, it is recommended that Plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar

5

an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

6

DONE this 13th day of April, 2010.

                                                  s/BERT W. MILLING, JR.
                                                  UNITED STATES MAGISTRATE JUDGE